IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LYNDON PROPERTY INSURANCE COMPANY | : : : | PLAINTIFF |
| VERSUS | : : | CIVIL ACTION NO. 1:03CV310GuR |
| DUKE LEVY & ASSOCIATES, P.A. | : : | DEFENDANT |

MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE AND EXCLUDE TESTIMONY OF
ROY GLENN PURSUANT TO FRE 702

Lyndon Property Insurance Company ("Lyndon") submits this Memorandum in Support of its Motion to Strike and Exclude Testimony of Roy Glenn pursuant to FRE 702.

I.  Introduction

Lyndon was the surety for Panther Utilities of Mississippi, Inc. ("Panther") for construction of a low-pressure sewer system (the "Hancock Project") on behalf of the Hancock County Water and Sewer District ("the District"). Duke Levy and Associates, P.A. ("DLA") was the engineering firm that designed and provided consultation and inspection services for the Hancock Project. DLA's duties included inspection of the construction by Panther and review and approval of applications for progress payments made by Panther. DLA's approval of progress payments constituted its representation that based on DLA's on-site observations of the work and review of the Application for Payment, that the work had progressed to the point indicated and was in accordance with the Contract Documents. After commencement of construction, DLA failed to exercise ordinary professional skill and diligence in providing inspection services and approved progress payments for work that had not been done or which did not meet contract specifications. Lyndon took over the Hancock project following Panther's

50576.1

termination by the District. As a result of DLA's failure to exercise ordinary professional skill and diligence, sufficient funds were not available for completion of the Hancock Project. Lyndon, as the surety, was required to complete the Hancock Project at its expense and incurred damages for correction of deficient work that DLA approved for payment. Lyndon has asserted claims against DLA for negligence, breach of contract and breach of warranty.

II.   **The proposed opinion testimony of Roy Glenn**

In response to the claims asserted by Lyndon, DLA has designated Roy Glenn ("Glenn") of Laurel, Mississippi, as an expert to offer opinion testimony in this civil action. Glenn's opinions are contained in his report dated February 23, 2005. (*See* Exhibit A[1]) As understood by Lyndon, Glenn intends to testify, in summary, that:

   a.   DLA's inspection services for construction of the low pressure sewer system were adequate and that DLA properly approved the applications for progress payments made by Panther;

   b.   Lyndon was "irresponsible" in issuing a bond to Panther, should have rejected the bid submitted by Panther or was otherwise negligent in underwriting the bond issued to Panther;

   c.   Panther possessed insufficient qualifications to undertake the project;

   d.   Panther submitted an inappropriate bid or illegal bid.

(*See* Exhibit A – Deposition of Roy Glenn, Exhibit #2)

---

[1] The deposition of Roy Glenn and its exhibits are attached in their entirety to Lyndon's Motion. Exhibit A attached hereto contains only those portions of the deposition referenced in this Memorandum in an attempt to avoid unnecessary duplication in the record.

50576.1

2

III.   **Glenn not qualified to offer the proposed opinion testimony**

The testimony of Roy Glenn should be excluded from this civil action based upon FRE 702 and the *Daubert* standard. The requirements of Daubert apply to both scientific knowledge and to expert testimony that involves "technical" or "other specialized knowledge". *See Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137 (1999).

The analysis for admission of expert testimony is enumerated in Rule 702 of the Federal Rules of Evidence. The rule states that:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, **a witness qualified as an expert by knowledge, skill, experience, training, or education** may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FRE 702 (emphasis added). The opinion testimony of Glenn is inadmissible as Glenn lacks sufficient knowledge, skill, experience, education and/or training to assist the trier of fact to understand the evidence or determine a fact in issue in this case involving issues related to the construction of a low pressure sewer system.

A.   **Whether DLA's inspection services for construction of the low pressure sewer system were adequate and applications for progress payments made by Panther were properly approved**

Glenn's experiences with ballistic missile systems and bridges, though valuable in their own respect, fail to qualify him as an expert in this case. Glenn obtained a degree in aerospace engineering from Mississippi State University. Aerospace Engineering is primarily the analysis and design of flight vehicles: airplanes, gliders, helicopters, and rockets. *See* http://www.engr.msstate.edu Similarly, Glenn's work experience, as summarized on page 1 of his report, fails to avail him of sufficient knowledge, skill, experience, education and/or training to

offer opinion testimony concerning the inspection or construction of a low pressure sewer system. (*See* Exhibit A – Deposition of Roy Glenn, Exhibit #2)

During his deposition, Glenn testified that he had very little experience in pressurized sewer systems. (*See* Exhibit A - Deposition of Roy Glenn, p. 10) Glenn's prior experience with pressurized sewer systems included only two small projects with 10 to 15 units some 15 years ago. (*See* Exhibit A - Deposition of Roy Glenn, p. 11, 111) In contrast, the low pressure sewer system in the Hancock Project involved some 50 miles of pipe and had 994 units to be installed. (*See* Exhibit A - Deposition of Roy Glenn, Exhibit #2, p. 3 and Exhibit B – documents numbered 000024 - 000025).

### B.   Whether Lyndon was irresponsible in issuing the bond to Panther

Glenn intends to testify that Lyndon was "irresponsible" in issuing a bond to Panther, should have rejected the bid submitted by Panther, was negligent in underwriting the bond issued to Panther, that Panther possessed insufficient qualifications to undertake the project and that Panther submitted an inappropriate bid or illegal bid. During his deposition, Glenn was asked the following questions:

Q.   Do you have any training as a bond or surety underwriter?

A.   No, Sir.

Q.   Have you had any education in that field?

A.   No.

Q   And have you ever underwritten a bond?

A.   No. Not in the business.

(*See* Exhibit A - Deposition of Roy Glenn, p. 51) It is clear that Glenn has no basis upon which to offer any of these opinions and therefore such testimony should be excluded from the trial of this matter.

IV. **Conclusion**

For the reasons set out above, the opinion testimony of Roy Glenn should be excluded from this matter pursuant to Rule 702 of the Federal Rules of Evidence,

This the 29th day of April, 2005.

> LYNDON PROPERTY INSURANCE COMPANY
>
> BY: S/Thomas C. Anderson

Thomas C. Anderson
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228) 864-9900
Facsimile: (228) 864-8221

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2005 I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Mr. Roland F. Samson, III
Samson & Powers
2400 13th Street
Gulfport, MS 39502

This the 29th day of April, 2005.

> S/Thomas C. Anderson
> Of Counsel