IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LYNDON PROPERTY INSURANCE COMPANY                                    PLAINTIFF

VERSUS                                    CIVIL ACTION NO.: 1:03-CV-00310-LG-RHW

DUKE LEVY & ASSOCIATES, P.A.                                         DEFENDANT

**MOTION OF DEFENDANT, DUKE LEVY & ASSOCIATES, P.A.,
TO STRIKE PLAINTIFF'S EXPERT**

Comes now the Defendant, Duke Levy & Associates, P.A. ("DLA"), by and through its counsel of record, Samson & Powers, PLLC, and files this Motion to Strike Plaintiff's Expert, Joseph N. Asarisi, P.E., and for its grounds would show as follows:

I.

Plaintiff, Lyndon Property Insurance Company ("Lyndon"), has designated Joseph N. Asarisi, P.E. with Cain and Associates Engineers & Constructors, Inc. in Mobile, Alabama as its expert. Mr. Asarisi is a licensed professional engineer in the States of Florida and Alabama. Mr. Asarisi does not hold a certificate of registration/license in Mississippi.

II.

Miss. Code Ann. § 73-13-45 provides as follows:

In order to safeguard life, health, and property, and to promote the public welfare, any person or firm in either public or private capacity practicing or offering to practice engineering shall hereafter be required to submit evidence that the person or firm is qualified so to practice engineering and shall be licensed as hereinafter provided; and it shall be unlawful for any person or firm to practice or to offer to practice in this state, engineering, as defined in the provisions of Sections 73-13-1 through 73-13-45, or to use in connection with his name or otherwise assume, use, or advertise any title or description tending to convey the impression that he is a professional engineer, unless such person has been duly licensed under the provisions of Sections 73-13-1 through 73-13-45. There is specifically reserved to engineering graduates of all universities and colleges accredited by a regional accrediting body

that is recognized by the United States Department of Education, the right to disclose any college degrees received by such individuals and use the words "graduate engineer" on his stationery, business cards and personal communications of any character.

<u>Miss. Code Ann.</u> § 73-13-3 provides, in part, as follows:

The term "practice of engineering" within the meaning and intent of Sections 73-13-1 through 73-13-45 shall mean any service or creative work the adequate performance of which requires engineering education, training, and experience in the application of special knowledge of the mathematical, physical, and engineering sciences to such services or creative work as consultation, investigation, <u>expert technical testimony evaluation</u>, planning, design, and design coordination of engineering works and systems, planning the use of land, air and water, performing engineering surveys and studies, <u>and the review of construction for the purpose of monitoring compliance with drawings and specifications</u>; any of which embraces such engineering services or work, either public or private, in connection with any utilities, water resources, structures, buildings, machines, equipment, processes, work systems, projects, communication systems, transportation systems, industrial or consumer products or equipment of control systems; or engineering services or work of a communications, mechanical, electrical, hydraulic, pneumatic, chemical, geotechnical (including geology and geohydrology incidental to the practice of engineering), geological, environmental, or thermal nature, insofar as they involve safeguarding life, health or property, and including such other professional services as may be necessary to the planning, progress and completion of any engineering services. (emphasis added).

Since Mr. Asarisi does not hold a certificate of registration/license in the State of Mississippi, he is prohibited from engaging in the "practice of engineering" in this State and in this case, including but not limited to, serving as an litigation engineering expert.

WHEREFORE, the Defendant, Duke Levy & Associates, P.A., respectfully requests that this Court enter an Order striking Lyndon's engineering expert, Joseph N. Asarisi, P.E.

RESPECTFULLY SUBMITTED, this the 29th day of April, 2005.

>DUKE LEVY & ASSOCIATES, P.A.
>
>BY: SAMSON & POWERS, PLLC
>
>BY:  *s/ROLAND F. SAMSON, III*
>  Mississippi Bar No. 8764
>  SHAWN S. SHURDEN
>  Mississippi Bar No. 99678

SAMSON & POWERS, PLLC
Attorneys at law
2408 - 14th Street
Post Office Box 1417
Gulfport, Mississippi 39502-1417
Telephone: 228/822-1109
Facsimile: 228/822-2317

<u>CERTIFICATE OF SERVICE</u>

I, ROLAND F. SAMSON, III, of the law firm of Samson & Powers, PLLC, do hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to the following:

> Thomas C. Anderson, Esq.
> Balch & Bingham, LLP
> Post Office Box 130
> Gulfport, MS 39502-0130

THIS, the 29th day of April, 2005.

*s/ROLAND F. SAMSON, III*
MS BAR NO. 8764

SAMSON & POWERS, PLLC
Attorneys at Law
2408 - 14th Street
Post Office Box 1417
Gulfport, Mississippi 39502-1417
Telephone: 228/822-1109
Facsimile: 228/822-2317